UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00249-FDW-DSC

| | |
|---|---|
| REGINA CLARK-PARKER., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) <br>ROWAN-SALISBURY SCHOOLS a/k/a )<br>ROWAN-SALISBURY SCHOOLS BOARD )<br>OF EDUCATION; KEVIN JONES, in his )<br>individual capacity; ALISHA BYRD- )<br>CLARK, in her individual capacity; TRAVIS )<br>ALLEN, in his individual capacity; SUSAN )<br>COX, in her individual capacity; BRIAN )<br>HIGHTOWER, in his individual capacity; )<br>DEAN HUNTER, in his individual capacity;) <br>JEAN KENNEDY, in her individual capacity )<br>and TONY WATLINGTON, in his individual )<br>capacity, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER comes now before the Court upon the Motion of Defendants Rowan-Salisbury Schools Board Of Education (named as Rowan-Salisbury Schools a/k/a Rowan-Salisbury Schools Board of Education); Kevin Jones, in his individual capacity; Alisha Byrd-Clark, in her individual capacity; Travis Allen, in his individual capacity; Susan Cox, in her individual capacity; Brian Hightower, in his individual capacity; Dean Hunter, in his individual capacity; Jean Kennedy, in her individual capacity; and Tony Watlington, in his individual capacity (hereinafter "Defendants"), to Dismiss (Doc. Nos. 4, 18), and to Transfer Venue to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a) and/or 1406(a) (Doc. No. 20).

1

As an initial matter, Defendant's Motion to Dismiss (Doc. No. 4) filed before Plaintiff amended her complaint is **DENIED AS MOOT**. For the reasons stated below, Defendants' motion to transfer is **GRANTED**. Because the Court grants Defendant's Motion to Transfer Venue, the Court declines to rule on the merits of Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. According to the Complaint, Rowan-Salisbury Schools a/k/a/ Rowan Salisbury Schools Board of Education is the public school board responsible for providing education to school age students residing in Rowan County, North Carolina, through their direction and management of Rowan-Salisbury Schools. Defendants Kevin Jones, Travis Allen, Susan Cox, Brian Hightower, Dean Hunter, Jean Kennedy, and Tony Watlington are elected members of the Board of Education. On May 30, 2018, Plaintiff and Rowan-Salisbury Schools entered into a two-year employment agreement, to commence at the beginning of the 2018-2019 school year. Plaintiff alleges Rowan-Salisbury Schools breached their employment contract when it discriminated against her on the basis of race and later retaliated by terminating her employment after she filed a discrimination complaint. Plaintiff also alleges that such discrimination and retaliation has caused her emotional distress.

## II. ANALYSIS

Defendants move to transfer venue to the Middle District of North Carolina pursuant to 28 U.S.C. §1404(a) and/or § 1406. Generally, venue rules differ after removal. A defendant may remove any civil action from a State court to a federal district court so long as the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, defendants seeking to

2

Case 1:22-cv-00249-CCE-JEP    Document 39    Filed 03/24/22    Page 2 of 5

remove a civil action from State court must file a removal notice "in the district court of the United States for the district and division within which action is pending." Id. § 1446(a).

Here, the action was originally filed and was therefore pending in the Superior Court of Mecklenburg County, North Carolina (Doc. No. 1. p. 2). Mecklenburg County is located within the Western District of North Carolina. Defendants filed a notice of removal to the Western District (Doc. No. 1). The action was properly removed from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

In response to Defendant's motion to transfer, Plaintiff requests that, in the event venue is improper, this Court remand the action to the Superior Court of Mecklenburg County, North Carolina. Even if venue is proper in this Court under 28 U.S.C. § 1441(a) due to removal, the Court retains the discretion to transfer such action or to dismiss the action under 28 U.S.C. §1406(a). See e.g., Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1998) ("[W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision..."). In other words, 28 U.S.C. § 1406(a) authorizes courts to transfer cases—in the interest of justice—to any judicial district in which it could have been brought. A court evaluating transfer may consider the following factors:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

Jim Crocket Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93, 95 (W.D.N.C. 1990) (citing Commercial Equip. Co. v. Barclay Furniture Co., 738 F. Supp. 974, 977 (W.D.N.C. 1990).

All statutory bases for finding venue, namely 28 U.S.C. § 1391(b), 28 U.S.C. § 1406(a), 28 U.S.C. § 2000e-5(f)(3), and N.C. Gen. Stat. § 115C-42, overwhelmingly support transfer to the Middle District, as that judicial district has the most substantial connection to the claims in this matter. Here, all Defendants reside in Rowan County, North Carolina (Doc. No. 21, p. 2). Rowan-Salisbury Schools is located in Rowan County, North Carolina, and per statutory requirements, all school board members, including the named Defendants in this case, must reside in Rowan County. N.C. Gen. Stat. § 115C- 35(b). A substantial part of the events giving rise to the claims—the execution of the contract and alleged discrimination and retaliation—occurred at Rowan-Salisbury Schools, located in Rowan County, North Carolina. Rowan County, North Carolina, is located within the Middle District of North Carolina.

Title VII's specific venue provision 42 U.S.C. § 2000–5(f)(3) dictates that venue is proper only in the district where: "(i) the alleged unlawful employment practice occurred; (ii) where the employment records relevant to the alleged unlawful practice are maintained and administered; or (iii) where plaintiff would have worked but for the alleged employment practice." Under N.C. Gen. Stat. § 115C-42 "[a]ny person sustaining damages . . . may sue a local school board of education . . . but only in the county of such board of education."

Here, the alleged unlawful employment practice occurred at Rowan County Schools located in Rowan County, North Carolina, which is within the Middle District. It is reasonable to

4

assume employment records related to the alleged unlawful practice are maintained at the Rowan County Board of Education located in Rowan County, North Carolina, which is within the Middle District. Plaintiff would have worked at Rowan County Schools but for the alleged unlawful employment practice, which is located in Rowan County, North Carolina, within the Middle District.

Because removal from the Superior Court of Mecklenburg County to the Western District was proper under § 1441(a), the Court declines to remand to the Superior Court of Mecklenburg County and will instead, in the interest of justice and for the convenience of parties and witnesses, transfer this action to the Middle District of North Carolina pursuant to 28 U.S.C. 1406(a).

## IV. CONCLUSION

IT IS THEREFORE ORDERED Defendant Rowan-Salisbury Schools' Motion to Transfer Venue (Doc. No. 20), is **GRANTED**.

Because the Court grants Defendant's motion to transfer venue, the Court declines to rule on the merits of Defendant's Motion to Dismiss (Doc. No. 18). Defendant's Motion to Dismiss (Doc. No. 4) filed before Plaintiff amended her complaint is **DENIED AS MOOT**.

IT IS SO ORDERED.

Signed: March 23, 2022

Frank D. Whitney
United States District Judge