IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINA CLARK-PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22-CV-249 |
| ) | |
| ROWAN-SALISBURY SCHOOL ) | |
| SYSTEM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff, Regina Clark-Parker, has sued the Rowan-Salisbury School Board and others for violation of federal constitutional and statutory rights and making related state law claims. The defendants move to dismiss under all six subsections of Rule 12 of the Federal Rules of Civil Procedure. They do not support their subject matter jurisdiction motion with any explanation of why this Court does not have jurisdiction over a federal constitutional claim, and they do not say why they removed the case to federal court if there is no subject matter jurisdiction. Their venue, process, and service arguments are, with one exception, contradicted by the record and frivolous, and they make no other argument about personal jurisdiction.

The defendants' motions to dismiss pursuant to Rules 12(b)(1)–(5) will be denied. The Rule 12(b)(6) motion remains under advisement.

## PROCEDURAL FACTS

In March 2021, Ms. Clark-Parker sued the Rowan-Salisbury School System a/k/a the Rowan-Salisbury Board of Education,[1] and Kevin Jones, Alisha Byrd-Clark, Travis Allen, Susan Cox, Brian Hightower, Dean Hunter, Jean Kennedy, and Tony Watlington, in their individual capacities, in the Superior Court of Mecklenburg County. Doc. 1-1 at 1. Ms. Clark-Parker asserted claims against the various defendants for intentional infliction of emotional distress, violation of her constitutional rights, and employment discrimination in violation of N.C. Gen. Stat. §§ 95-241, 143-422.2. *Id.* at 4–6. The state court issued summonses. *Id.* at 9–18.

In May 2021, the defendants removed the case to the United States District Court for the Western District of North Carolina based on federal question and supplemental jurisdiction, *see* Doc. 1, and moved to dismiss the complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted. Doc. 4. As to process and service of process, the defendants pointed out several alleged deficiencies and contended, among other things, that "there is no return, affidavit, or waiver of service." Doc. 5 at 15. The defendants filed an answer in June. Doc. 6.

---

[1] The plaintiff initially identified these as separate entities, Doc. 1-1, but in the amended, and operative, complaint she identified the employer as the "Rowan-Salisbury School a/k/a Rowan-Salisbury Schools Board of Education." Doc. 11 ¶ 2. The defendants have made no argument based on any distinction between the two, and the Court will refer to the School Board for ease of reading.

In July 2021, Ms. Clark-Parker filed an amended complaint, adding claims for negligent infliction of emotional distress against all defendants and breach of contract against the School Board. *See* Doc. 11 at 8–9. Two weeks later, in mid-August, the Clerk issued summonses for all the individual defendants. *See* Doc. 16.[2]

The defendants then filed a new motion to dismiss. Doc. 18. For process and service of process, the defendants did not repeat all their earlier arguments and contended only that "there is no return of service, no affidavit of service, and no waiver of service" for any of the defendants and that Ms. Clark-Parker had not properly served the School Board. Doc. 19 at 16. The defendants also filed a separate motion to change venue from the Western District of North Carolina to the Middle District of North Carolina, Doc. 20, and an answer to the amended complaint. Doc. 22.

After these motions were filed, the Clerk issued summonses for Kevin Jones in his capacity as Chairman for the School Board, Doc. 23 at 1, and for April Kuhn in her capacity as the Chief Legal Officer representative for the School Board. *Id.* at 3.

While the motions to dismiss and motion to change venue were pending, most of the summonses were returned executed. Before the defendants' reply brief was filed, five summonses to individuals were returned executed with proof of service and placed on the docket on August 25, 2021. *See* Doc. 25 (Brian Hightower); Doc. 26 (Jean Kennedy); Doc. 27 (Travis Allen); Doc. 28 (Dean Hunter); Doc. 29 (Kevin Jones). Three other summonses were returned executed and placed on the docket on September 7, 2021, the

---

[2] *See* Doc. 16 at 1 (Kevin Jones), 3 (Alisha Byrd-Clark), 5 (Travis Allen), 7 (Susan Cox), 9 (Brian Hightower), 11 (Dean Hunter), 13 (Jean Kennedy), 15 (Tony Watlington).

day the defendants filed their reply brief. *See* Doc. 34 (Susan Cox); Doc. 35 (School Board); Doc. 36 (Kevin Jones as Chairman for the School Board); Doc. 32 (reply brief). And one final summons was placed on the docket on December 7, 2021. *See* Doc. 38 (Alisha Byrd-Clark).

The defendants' motion to change venue was granted in March 2022, and the case was transferred to this Court. *See* Docs. 39, 40. The Western District declined to rule on the defendants' motions to dismiss in view of the change of venue. Doc. 39 at 2.

After removal, the defendants filed a new motion to dismiss and brief, identical to the motion and brief they filed in the Western District last August. *Compare* Doc. 18 *with* Doc. 42; Doc. 19 *with* Doc. 43.[3] They contend the case should be dismissed under each subsection of Rule 12 of the Federal Rules of Civil Procedure. *See* Doc. 42 at 1–2. This motion has been fully briefed and is ready for disposition.

## DISCUSSION

**1. Venue**

The defendants' motion to dismiss based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) will be denied as frivolous. In the motion and brief in support, filed a couple of weeks after the case was transferred to this district, the defendants state that "[v]enue is improper in the Western District of North Carolina," Doc. 42 at 2, and that "this matter should either be dismissed or transferred to the Middle District of North

---

[3] The defendants did update the court, case number, and date, and the motion and brief were signed by a different attorney, but the motions and briefs are otherwise identical.

4

Carolina." Doc. 43 at 2. As the case has already been transferred from the Western District of North Carolina and is now pending in the Middle District of North Carolina, the motion makes no sense.

## 2. Process, Service of Process, and Personal Jurisdiction

The defendants make two narrow arguments, contending that Ms. Clark-Parker has not proven service and that the summons to the School Board is defective.[4] *Id.* at 16. With the exception of one individual defendant, the factual assertions proffered to support these arguments are belied by the record and raise Rule 11 issues.

The defendants say that the School Board was not properly served because the summons was "not addressed to the Chairman of the Board, an agent or attorney-in-fact authorized by appointment or by statute to be served or to accept service on behalf of the board." *Id.* But seven months before the pending motion was filed, a summons was issued to "Kevin Jones, Chairman for the Rowan-Salisbury Schools Board of Education," Doc. 23 at 1, and this summons was attached to Ms. Clark-Parker's proof of service filed soon thereafter. Doc. 36. In their motion and brief, the defendants ignore this evidence. In the face of this uncontradicted evidence, the argument is frivolous.

The defendants say that Ms. Clark-Parker has not proven that she served any of the defendants, contending that "there is no return of service, no affidavit of service, and

---

[4] The defendants have not challenged the sufficiency of service as shown by the record or identified any other problems with service or personal jurisdiction as to any defendant. The Court has no obligation to identify such problems on its own, and the defendants have waived any arguments or grounds for dismissal based on service that they did not present to the court. *See, e.g., Tate v. Smith*, No. 14-CV-125, 2016 WL 4444856, at *3 (M.D.N.C. Aug. 23, 2016) (collecting and discussing authorities).

5

no waiver of service" as to any of the defendants. Doc. 43 at 16; *see* Fed. R. Civ. P. 4(l) (requiring "proof of service . . . be made to the court"). This factual assertion is also inconsistent with the record as to all but one defendant. The docket shows, and has shown since early September 2021, that Ms. Clark-Parker filed a return of service on all defendants except Alisha Byrd-Clark and Tony Watlington. *See* Doc. 25 (Brian Hightower); Doc. 26 (Jean Kennedy); Doc. 27 (Travis Allen); Doc. 28 (Dean Hunter); Doc. 29 (Kevin Jones); Doc. 34 (Susan Cox); Doc. 35 (School Board); Doc. 36 (School Board). And Ms. Clark-Parker filed proof of service on Alisha Byrd-Clark in December 2021, four months before the pending motion to dismiss was filed. *See* Doc. 38. To the extent the motion to dismiss is based on a failure to prove service as required by Rule 4(l), it will be denied as frivolous as to these defendants.

For Mr. Watlington, the time limit for service of process has passed. A defendant must be served within 90 days after the complaint is filed, *see* Fed. R. Civ. P. 4(m), or within 90 days after removal of an action from state court to federal court. *See Smith v. UNC Health Care Sys.*, No. 20-CV-52, 2021 WL 1146936, at *4 (M.D.N.C. Mar. 25, 2021); s*ee* Doc. 1 (showing removal to federal court on May 26, 2021). The motion to dismiss will be granted as to Mr. Watlington and the claims against him dismissed on June 15, 2022, unless Ms. Clark-Parker files either proof of service on Mr. Watlington, directs the Court's attention to proof of service if the Court overlooked it, or files a motion for an extension of time to obtain service under Federal Rule of Civil Procedure 4(m). *See generally Gelin v. Shuman*, No. 21-1498, 2022 WL 1634855, at *4 (4th Cir. May 24, 2022). If Mr. Watlington has not yet been served, the Court encourages defense

6

counsel to speak with Mr. Watlington about waiving service or allowing counsel to accept service on his behalf. *See* Fed. R. Civ. P. 4(d).

### 3. Subject Matter Jurisdiction

The defendants invoke Federal Rule of Civil Procedure 12(b)(1) and assert that there is no subject matter jurisdiction. Doc. 42 at 1. But if there is a basis for a subject matter jurisdiction challenge, the defendants have not identified it. It is a particularly mystifying motion, since the defendants themselves removed the case to federal court, asserting then that the court has federal question jurisdiction. *See* Doc. 1 at 1–2.

In their brief, the defendants cite the standard for Rule 12(b)(1) motions, Doc. 43 at 4, and make passing mention of Rule 12(b)(1) elsewhere. *See* Doc. 43 at 1, 8, 11. But they do not explain why this Court might not have subject matter jurisdiction. They fail to mention their own previous assertion that the federal courts have jurisdiction. They do not discuss why the Court would not have subject matter jurisdiction over a lawsuit in which Ms. Clark-Parker claims her federal constitutional rights have been violated by state actors. *See, e.g.*, *Bush v. Lucas*, 462 U.S. 367, 374 (1983) (noting that 28 U.S.C. § 1331 gives federal courts jurisdiction "to decide whether a cause of action is stated by a plaintiff's claim that he has been injured by a violation of the Constitution"). Nor have they addressed why the Court does not have supplemental jurisdiction over the state law claims. They make no mention of any standing concerns.

The Court has reviewed the matter, as it is required to do when subject matter jurisdiction is challenged, and concludes it has subject matter jurisdiction. The motion to dismiss on this basis is denied as frivolous.

### 4. Reminder

Defense counsel is reminded that Rule 11 applies every time a brief or pleading is filed. Copying and pasting an outdated brief that is no longer factually accurate[5] wastes the Court's time and the plaintiff's time. Making kitchen sink motions without providing any argument to support those motions does the same.

Defense counsel is reminded that the Local Rules require briefs to include arguments referring to appropriate statutes, rules, and authorities and to state with particularity the grounds therefor. L.R. 7.2(a); L.R. 7.3(b). Courts have no obligation to do the work a party chooses not to undertake, *see Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014), and "[i]t is not the role of this Court to serve as counsel for [a party], conduct counsel's legal research on an issue, and develop the cursory legal arguments contained in a brief into coherent and persuasive arguments supported by legal authority." *Scherer v. Steel Creek Prop. Owners Ass'n*, No. 13-CV-121, 2014 WL 2196065, at *19 (W.D.N.C. May 27, 2014).

---

[5] As noted *supra*, for the brief filed here in April 2022, the defendants copied the briefing they filed in connection with motions to dismiss filed before the case was transferred to this Court, changing only the court, case number, signature, and date. *Compare* Doc. 19, *with* Doc. 43. While these factual assertions seem to have been largely accurate when the original brief was filed in August 2021, Ms. Clark-Parker corrected most of these deficiencies by the time the defendants filed their reply brief in the Western District of North Carolina; yet the defendants failed to acknowledge the new facts. *See* Doc. 32 (reply brief filed by defendants after summons to School Board and proof of service filed on the docket). By the time the defendants repeated these "facts" in their brief signed and filed in this court on April 7, 2022, the "facts" were, with the exception of an implicit and non-specific assertion about the return of service on Mr. Watlington, unsupported and indeed contradicted by the record. In her brief in opposition filed in this court, Ms. Clark-Parker pointed out the factual errors in defendants' assertion that no proof of service had been filed, *see* Doc.46 at 14–15 (referencing exhibits at, e.g., Doc. 31-1 at 42), but the defendants did not have enough respect for the Court's time to withdraw these arguments in a reply brief. *See* Doc. 48.

If similar problems recur in the future, defense counsel can expect the Court to initiate Rule 11 proceedings, strike motions or briefs, dismiss without discussion unsupported arguments, or take other appropriate action.

## CONCLUSION

To the extent the motion to dismiss is based on insufficient process, insufficient service of process, and lack of personal jurisdiction, it will be denied as frivolous for all defendants except Tony Watlington. If Ms. Clark-Parker fails to take action to show or obtain service on Mr. Watlington by June 15, 2022, her claims against him will be dismissed without prejudice.

To the extent the motion to dismiss is based on improper venue and lack of subject matter jurisdiction, the motion is denied as frivolous.

The other arguments for dismissal pursuant to Rule 12(b)(6) remain under advisement. If any of the other arguments made by the defendants need to be withdrawn, defendants should do so immediately.

It is **ORDERED** that the defendants' motion to dismiss, Doc. 42, is **DENIED** to the extent it is based on Rule 12(b)(1), (2), (3), (4) and (5), as to all defendants except Tony Watlington. To the extent the motion relies on Rule 12(b)(6), it remains under advisement. In the absence of action by the plaintiff on or before June 15, 2022, as to service on Tony Watlington, the Court will grant the motion to dismiss as to him.

This the 6th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE